IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MIGUEL LARA-NAVA,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY<br><br><br><br><br><br>Civil Case No. 2:03-CV-1090 TS and<br>                    2:04-CV-752 TS<br><br>Criminal Case No. 2:02-CR-668 TS |

      This matter is before the Court for joint consideration of three pleadings filed by Petitioner (each under separate case numbers), jointly referred to as a Petition Under 28 U.S.C. § 2255 (hereinafter, "the Petition").

      Initially, on December 11, 2003, Petitioner filed a "Motion for Time Reduction By An Inmate in Federal Custody Under (28 U.S.C. § 2255)," which was docketed in Case No. 2:03-CV-1090. The government filed its response on March 19, 2004. Thereafter, on August 4, 2004, Petitioner filed an "Objection to Any Sentence Imposed Upon a Fact Not Determined by the Jury

1

or Not Proven Beyond a Re[a]sonable Doubt and Objection to the Presentence Report" in the underlying criminal case, Case No. 2:02-CR-668.  Finally, Petitioner filed a "Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255," on August 16, 2004, in Case No. 2:04-CV-752.  On October 28, 2004, the Court, on the government's Motion, issued a Joint Order for Consolidation of Cases, wherein Case No. 2:04-CV-752 was consolidated into the earlier-filed Case No. 2:03-CV-1090.  The Court will deal collectively with the issues raised in these three documents.

Petitioner is proceeding *pro se* in this matter.  For the reasons set forth below, the Court will deny the Petition, and close all three above-referenced cases.

BACKGROUND

On October 30, 2002, Petitioner Miguel Lara-Nava was charged by indictment with Reentry of a Previously Removed Alien in the underlying criminal case (Case No. 2:02-CR-668 TS).  The government filed a Notice of Sentencing Enhancement the same day stating that, if convicted, Petitioner would receive an enhanced sentence of not more than twenty years in prison because of a prior conviction.  Petitioner pleaded guilty to the single re-entry charge on January 15, 2003.  The presentence report prepared in advance of sentencing assessed Petitioner a sixteen-level enhancement based upon a 1997 conviction for an aggravated felony.

On April 25, 2003, Petitioner, through trial counsel, filed a Request for Downward Departure on the grounds of an alleged "serious medical condition."  A sentencing hearing was held on April 28, 2003.  After hearing arguments of both counsel and affording Petitioner an opportunity to address the Court, Petitioner was sentenced to 78 months imprisonment, to be

followed by 36 months supervised release.  Judgment was entered on May 2, 2003.  The instant Petition followed.

In his Petition, Petitioner raises essentially three issues: 1) sentencing disparity resulting from the unavailability of half-way house treatment, 2) relief available under <u>Blakely</u> and/or <u>Booker</u>, and 3) ineffective assistance of counsel.  The Court will address each, in turn.

The Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255.

## DISCUSSION

I. <u>STATUTE OF LIMITATIONS</u>

The Court makes the initial finding that Petitioner's § 2255 Motion was timely filed. Petitioner's judgment was entered on May 2, 2003, and Petitioner's initial § 2255 Petition was filed on December 11, 2003, well within the one-year limitations period set by 28 U.S.C. § 2255(1).

II. <u>SENTENCING DISPARITY</u>

Petitioner argues that his rights to equal protection under the Fourteenth Amendment, due process under the Fifth Amendment, and what the Court presumes is the Civil Rights Act of 1964 have been violated because he has been denied the benefit of half-way house treatment (and presumably other benefits) as a result of his status as a deportable alien.

Access to half-way house treatment and other programs by the Bureau of Prisons (hereinafter "BOP") is not a right, and certainly not a right protected by the United States Constitution or the Civil Rights Act.  Congress has granted broad discretion to the BOP in its

assessment and designation authority, and a sentencing court lacks authority to order that a prisoner be confined in any particular institution. "[T]hose decision are within the sole discretion of the Bureau of Prisons." United States v. Williams, 65 F.3d 301, 307 (2nd Cir. 1995).

18 U.S.C. § 3624(c) provides for the possibility that a prisoner may serve the last six months of his incarceration at a community corrections center, or "half-way house." Section 3624(c) states that "to the extent practicable," this benefit is given. The reason undergirding this allowance is to "afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community." Id. Given Petitioner's status as a deportable alien, it goes without saying that Petitioner will not be re-entering the community upon his release and, therefore, the purpose of the statute is defeated. Further, release of a deportable alien into the community poses potential significant and unwarranted enforcement and administrative difficulties.

In sum, this benefit is discretionary and is not a matter of right. As such, Petitioner's constitutional rights have not been violated by his denial of this benefit. Accordingly, Petitioner is not entitled to the relief sought in his Petition on this ground.

III.    *BLAKELY/BOOKER* ISSUES

Simply put, Booker does not apply to cases on collateral appeal.[1] The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Leonard v. United States, 383 F.3d 1146, 1148 (10th

---

[1] However, even if the Court found that Booker applied to this collateral appeal, the Court would find that Booker is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable.

Cir. 2004). The Supreme Court in Booker explicitly held that it applied "to all cases on direct review." 125 S.Ct. at 769, citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987).

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that Blakely *does not apply retroactively* to convictions that were already final at the time the Court decided Blakely, June 24, 2004." United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added); See also United States v. Lucero, 123 Fed. Appx. 918, 2005 WL 388731 (10th Cir. Feb. 18, 2005) (unpublished opinion) ("We hold that the rule announced in Booker is not retroactive."). Because Petitioner's conviction was clearly final by June 24, 2004, Booker does not apply retroactively to this case.

IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. Strickland v. Washington, 466 U.S. 668 (1984).

> To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial.

United States v. Lopez, 100 F.3d 113, 117 (10th Cir. 1996) (citing Strickland). To successfully claim ineffective assistance, then, Petitioner must show two things: First, that his counsel functioned deficiently. Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, he must show that counsel's deficient functioning prejudiced Petitioner's defense. Id. "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable." Id. Without both of

these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable." Id.

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time she rendered her legal services, not in hindsight. Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998). In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled. Cronic, 466 U.S. 648, 665 n.38 (1984).

Petitioner alleges that trial counsel was ineffective because she allegedly failed to "argue that due to [Petitioner's] ineligibility for minimum security confinement, drug programs and pre-release custody, as a result of [his] status as a deportable alien, constituted significant mitigating factors that should be considered by the sentencing court" Petitioner's August 16, 2004 filing at 5 (spelling, punctuation and grammatical errors corrected).

Further, although it is entirely unclear, Petitioner appears to assert indirectly that trial counsel was ineffective due to her alleged failure during plea negotiations to raise Petitioner's potential eligibility for a "fast-track" program for illegal re-entry cases. See Petitioner's August 16, 2004 filing at 5a. The District of Utah does not have a "fast track" program available to defendants and, as such, this was not an option to Petitioner. Therefore, trial counsel was not ineffective for her failure to so negotiate.

As discussed above, trial counsel did make a Motion for Downward Departure on different grounds, which was considered and denied by this Court at sentencing. The grounds argued by Petitioner here – unavailability of certain benefits due to his status as a deportable

alien, and "fast track" disparity – are unavailing and do not and would not have entitled Petitioner to a lesser sentence, given this Court's precedence in ruling on identical issues. Thus, as a matter of law, Petitioner's claims fail. Consequently, trial counsel advocated according to her correct understanding of the law.

The Court finds that Petitioner's trial counsel functioned effectively. Petitioner's resulting sentence would have been, and was, the same regardless of counsel's actions or inactions. In sum, Petitioner has failed to demonstrate that trial counsel functioned deficiently or that he was prejudiced by the actions or inactions of trial counsel.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED. It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close the following cases forthwith: 2:02-CR-668; 2:03-CV-1090; and 2:04-CV-752.

SO ORDERED.

DATED this 29th day of July, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge